[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 1, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-17226
Non-Argument Calendar

_____

D. C. Docket No. 02-20938-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMAL BROWN,
a.k.a. Pookalotta,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 1, 2007)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Jamal Brown appeals his 260-month sentence, imposed upon re-sentencing after remand, for conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and (iii), and 846. On appeal, Brown argues that his 260-month sentence is greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). Specifically, Brown argues that the catastrophic nature of his medical condition, namely, his quadriplegia, outweighed the § 3553(a) factors. In addition, Brown maintains that there was an unwarranted disparity between his sentence and the sentence of his co-conspirator who was the leader of the drug trafficking organization.

## I.

We have held that "[i]n reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006) (brackets in original) (citation omitted). In determining whether a sentence is reasonable, the district court should be guided by the § 3553(a) factors. United States v. Booker, 543 U.S. 220, 261, 125 S.Ct. 738, 765-66, 160 L.Ed.2d 621 (2005); United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). Section 3553(a) provides that district courts must consider, among other things: (1) the applicable guideline range; (2) the nature and circumstances of the offense;

2

(3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence; (6) protection of the public; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(6).

Although the district court must be guided by these factors, we have held that "nothing in <u>Booker</u> or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." <u>United States v. Scott</u>, 426 F.3d 1324, 1329 (11th Cir. 2005). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under <u>Booker</u>." <u>United States v. Talley</u>, 431 F.3d 784, 786 (11th Cir. 2005). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." <u>United States v. Williams</u>, 456 F.3d 1353, 1363 (11th Cir. 2006). We will not substitute the district court's judgment in weighing the factors unless "the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." <u>Id.</u> The burden of establishing that the sentence is unreasonable in light of the record and the

§ 3553(a) factors lies with the party challenging the sentence. <u>Talley</u>, 431 F.3d at 788.

## II.

The record before us amply demonstrates that the district court adequately and properly considered the § 3553(a) sentencing factors and that the sentence it imposed was sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing. The 260-month sentence was reasonable for several reasons. First, the court explicitly considered and evaluated many of the § 3553(a) factors, including (1) Brown's history and characteristics; (2) the nature and circumstances of the offense; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence of criminal conduct; and (5) the need to protect the public from future crimes of the defendant.

Second, although Brown suggests that the district court did not properly weigh the sentencing factors, we have no trouble concluding that the district court did not commit a clear error of judgment in applying the factors. We note that the court granted a substantial downward variance after weighing the mitigating factors, including the seriousness of Brown's medical condition, against the

4

aggravating factors, such as the seriousness of Brown's offense, his criminal record, and his commission of another drug crime after he was injured.

Finally, Brown's assertion that his sentence created an unwarranted sentencing disparity is without merit because the district court explained that the disparity between Brown's and his co-conspirator's sentences resulted from Brown's more serious prior criminal history. Moreover, Brown's 260-month sentence was significantly less than the statutory maximum sentence of life imprisonment.

## III.

For the reasons stated above, we conclude that Brown has failed to carry his burden of showing that his sentence was unreasonable. His 260-month sentence is therefore affirmed.

**AFFIRMED.**